**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LAXIER ENRIQUEZ ESCOBAR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00446-ALM-AGD |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Plaintiffs Laxier Enriquez Escobar, Yaila De La Cruz Leyva, Duvier Alejandro Rodriguez Marquez, Ailena Troya Bon, Yosvel Lima Vargas, and Estefania Celeste Veliz Gutierrez's (collectively, "Plaintiffs") Amended Complaint against Defendants United States Citizenship and Immigration Service ("USCIS"), Joseph B. Edlow – Director of USCIS (Director Edlow), United States Department of Homeland Security ("DHS"), and Markwayne Mullin – Secretary of DHS ("Secretary Mullin") (Dkt. #4). In reviewing the Amended Complaint, the court recommends that the instant matter be severed into separate cases, and that two of the three cases be transferred to the proper division of the United States District Court for the Eastern District of Texas.

**BACKGROUND**

Plaintiffs challenge Defendant USCIS's alleged delay in deciding their pending applications for lawful permanent residence pursuant to the Cuban Adjustment Act of 1966 ("CAA") (Dkt. #4 at p. 2). Plaintiffs are five Cuban nationals and citizens and one Venezuelan

national and citizen (Dkt. #4 at p. 2). Each has filed a Form I-485, Application to Register Permanent Residence or Adjust Status under the CAA and a corresponding Form I-765, Application for Employment Authorization (Dkt. #4 at pp. 2–3). Ultimately, Plaintiffs argue there has been an unreasonable delay in adjudicating these Applications, preventing each Plaintiff from obtaining Lawful Permanent Resident status (Dkt. #4 at p. 3). Accordingly, Plaintiffs request that the court: (a) declare that USCIS has unreasonably delayed and unlawfully withheld adjudication of Plaintiffs' pending I-485 applications; (b) order USCIS to adjudicate each of Plaintiffs' pending applications within a date certain; (c) retain jurisdiction over this matter to ensure compliance with its order; and (d) award Plaintiffs their reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act (Dkt. #4 at pp. 3–4).

**LEGAL STANDARD**

Rule 21 of the Federal Rules of Civil Procedure states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may sever any claim against a party." FED. R. CIV. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Trial courts have broad discretion to sever issues to be tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). But courts may refuse to sever claims if "the court believes that it only will result in delay, inconvenience, or added expense." *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014).

Severance under Rule 21 creates "two separate actions or suits where previously there was but one." *U.S. v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). When a single claim is severed, it proceeds as a "discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting actions." *Id.*

**ANALYSIS**

In the present case, there is simply no nexus between the parties other than the similarity between the applications they filed and their alleged delay in having those applications adjudicated. Other than Plaintiffs Lima Vargas and Veliz Gutierrez, who are married, it is unclear to the court how the remaining Plaintiffs have any ties to one another. Indeed, the Amended Complaint only speaks about Plaintiffs individually in the "PARTIES" Section; the remainder of the pleading groups Plaintiffs together as a whole. While this court may have jurisdiction over the issues presented, venue is only proper for two of the six Plaintiffs.

Plaintiff Enriquez Escobar's residence is in Groves, Jefferson County, Texas (Dkt. #4 at p. 5). Jefferson County, Texas is situated in the Beaumont Division of the United States District Court for the Eastern District of Texas. Similarly, Plaintiff De La Cruz Leyva's residence is in Port Arthur, Texas (Dkt. #4 at p. 5). Port Arthur is primarily in Jefferson County, Texas with part of the city extending into Orange County, Texas. Both Orange County and Jefferson County lie in the Beaumont Division of the United States District Court for the Eastern District of Texas.

Plaintiff Rodriguez Marquez and Plaintiff Troya Bon both reside in Lufkin, Angelina County, Texas (Dkt. #4 at p. 5). Angelina County, Texas is part of the Lufkin Division of the United States District Court for the Eastern District of Texas.

Plaintiffs Lima Vargas and Veliz Gutierrez both reside in Princeton, Collin County, Texas (Dkt. #4 at pp. 6–7). Collin County, Texas lies in the Sherman Division of the United States District Court for the Eastern District of Texas.

It is unclear to the court why the six Plaintiffs' cases have been consolidated into one matter other than they all filed their applications with USCIS. Further illustrating the difference between the Plaintiffs is their alleged wait times for the adjudication of their respective applications.

Plaintiffs all filed their applications at various times and have been waiting anywhere from six to twenty-eight months. Accordingly, the court recommends that the instant case be severed into separate cases and transferred to the proper divisions of the United States District Court for the Eastern District of Texas.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that the instant lawsuit be severed and transferred to the proper divisions of the United States District Court for the Eastern District of Texas. That is, Plaintiffs Enriquez Escobar and De La Cruz Leyva should be **SEVERED** and **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Beaumont Division; Plaintiffs Rodriguez Marquez and Troya Bon should be **SEVERED** and **TRANSFERRED** to the United States District Court for the Eastern Division of Texas, Lufkin Division; and this court should retain Plaintiffs Lima Vargas and Veliz Gutierrez. The court further recommends that each Plaintiff be permitted to file an Amended Complaint in the proper division once the transfers are complete.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of June, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE