**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| YOSVEL LIMA VARGAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:26-CV-00446-SDJ-AGD |
| DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") (Dkt. #9). Having reviewed the Motion for TRO and all other relevant filings, the court recommends that Plaintiffs' Motion for TRO (Dkt. #9) be denied.

**BACKGROUND**

On April 27, 2026, Plaintiffs filed an Original Complaint against Defendants. Then, on July 15, 2026, Plaintiffs filed a First Amended Complaint (Dkt. #4). Then on August 4, 2026, Plaintiffs filed an Unopposed Motion for Leave to File Second Amended Complaint (Dkt. #16), and on August 5, 2026, Plaintiffs filed the proposed Second Amended Complaint (Dkt. #17). Given the severance and transfer of several Plaintiffs, described below, the court denied as moot Plaintiffs' Unopposed Motion for Leave to File Second Amended Complaint (Dkt. #19). As such, Plaintiffs' First Amended Complaint is the live pleading.

Plaintiffs allege in the First Amended Complaint that Defendants have engaged in an "ongoing unreasonable delay in deciding their long-pending applications for lawful permanent residence pursuant to the Cuban Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat.

1161 (1966).” (Dkt. #4 at p. 2). Plaintiffs request that the court, *inter alia*, declare that Defendants' delay in adjudicating the Plaintiffs' pending applications to adjust status and for work permits is unreasonable under the Administrative Procedures Act (“APA”), to declare Defendant's Benefits Hold Policy is arbitrary, capricious, and contrary to the law under the APA, to grant injunctive relief as to the Benefits Hold Policy, to order Defendants to adjudicate Plaintiffs' pending applications by a date set by the court, and to issue a writ of mandamus directing Defendants to adjudicate Plaintiffs' applications by a date set by the court (Dkt. #1 at pp. 27–28).

On June 23, 2026, Plaintiffs filed a Motion for TRO (Dkt. #9). In Plaintiffs' Motion for TRO, Plaintiffs ask the court

> to grant immediate injunctive relief, by entering a Temporary Restraining Order (TRO), and upon notice and a future evidentiary hearing, Plaintiffs further request this Court grant a preliminary injunction, wherein: (i) Defendants are enjoined from imposing their arbitrary, capricious, and unlawful policies, specifically, PM-602-0192, PM-602-0194, and PM- 602-0199, as to the 6 Plaintiffs in this action; and (ii) Defendants are compelled to adjudicate the Plaintiffs' pending Form I-485 and Form I-765 applications, pursuant to the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966), within 30 days of the Court's order.

(Dkt. #9 at p. 1).

On June 26, 2026, the undersigned issued a Report and Recommendation of United States Magistrate Judge recommending that the case be severed and transferred to the appropriate divisions of the United States District Court for the Eastern District of Texas (Dkt. #11). After objections, United States Chief District Judge Amos L. Mazzant, III issued a Memorandum Adopting Report and Recommendation of United States Magistrate Judge on August 10, 2026 (Dkt. #18). As a result, the only remaining Plaintiffs before the court are Yosvel Lima Vargas and Estefania C. Veliz Gutierrez.

## LEGAL STANDARD

To be entitled to a temporary restraining order ("TRO") or a preliminary injunction, the movant must demonstrate:

> (1) the substantial likelihood that the moving party will prevail on the merits;
>
> (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted;
>
> (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and
>
> (4) the granting of the preliminary injunction will not disserve the public interest.

*Peters v. Tex.*, No. 6:18CV464, 2019 WL 4785643, at *1 (E.D. Tex. Mar. 19, 2019), *report and recommendation adopted*, No. 6:18CV464, 2019 WL 4747951 (E.D. Tex. Sept. 27, 2019) (citing *Libertarian Party of Tex. v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984)). "Preliminary injunctive relief is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements." *Id.* (citing *U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983)). The third and fourth factors are merged when the Government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## ANALYSIS

Rather than address the elements required to obtain injunctive relief, the court notes that it is unable to grant the relief requested. As demonstrated above, Plaintiffs' Motion for TRO seeks the following relief:

> (i) Defendants are enjoined from imposing their arbitrary, capricious, and unlawful policies, specifically, PM-602-0192, PM-602-0194, and PM-602-0199, as to the 6 Plaintiffs in this action; and (ii) Defendants are compelled to adjudicate the Plaintiffs' pending Form I-485 and Form I-765 applications, pursuant to the Cuban Adjustment Act (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (1966), within 30 days of the Court's order.

(Dkt. #9 at p. 1). Based on the foregoing, it is clear that the relief Plaintiffs seek in their Motion for TRO is either moot or the ultimate relief Plaintiffs seek through their First Amended Complaint, as discussed, *infra*.

***1. Plaintiffs' Requests Related to Policy Memoranda Are Now Moot***

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies,' a requirement that must remain live throughout the suit's existence." *Wilson v. Austin*, No. 4:22-CV-438, 2023 WL 5674114, at *4 (E.D. Tex. Sept. 1, 2023) (citing U.S. CONST. art. III, § 2; *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A case becomes moot if it 'no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Plaintiffs filed their Motion for TRO on June 23, 2026, requesting that the court enjoin Defendants from imposing policy memoranda ("PM") PM-602-0192, PM-602-0194, and PM-602-0199 (Dkt. #9). However, as Defendant notes, PM-602-0192 and PM-602-0194 are subsequently no longer "in effect; more to the point, USCIS is not applying PM-602-0192 and PM-602-0194 to the Applications and will not be applying them as long as the District Court's order in *Dorcas International Institute of Rhode Island, et al. v. United States Citizenship and Immigration Services, et al.*, 26-cv-00132-JJM-PAS (D.RI.), remains in place." (Dkt. #21 at p. 4). Further, Defendant notes that "PM-602-0199 simply serves as reminder to USCIS officers to 'faithfully apply the statutes.'" (Dkt. #21 at p. 2).

Based on the foregoing, there is nothing for this court to adjudicate with respect to PM-602-0192, PM-602-0194, and PM- 602-0199. That is, Plaintiffs' arguments against PM-602-0192 and PM-602-0194 have become moot since the filing of Plaintiffs' Motion for TRO. Further, Defendants' policy to "faithfully apply the statutes" in and of itself presents no harm to Plaintiffs.

Accordingly, the court recommends that Plaintiffs' Motion for TRO be denied as it applies to PM-602-0192, PM-602-0194, and PM- 602-0199.

***2. Plaintiffs' Motion for TRO Seeks Ultimate Relief of Case***

"Temporary restraining orders must be restricted to serving their purpose of 'preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Bass v. SSC Athens Operating Co.*, No. 6:09-cv-415, 2009 WL 10708608, at *1 (E.D. Tex. Oct. 20, 2009) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drives Local No. 70 of Alameda*, 415 U.S. 423, 439 (1974)). "The purpose of a preliminary injunction or temporary restraining order is not to give the plaintiff the ultimate relief it seeks. Instead, it is to preserve the status quo and prevent irreparable injury until the court renders a decision [on] the merits." *Haidari v. Noem*, 3:25-CV-00250-LS, 2026 WL 1910575, at *1 (W.D. Tex. July 1, 2026).

Here, the injunctive relief Plaintiffs seek—namely, compelling Defendants to adjudicate their applications within 30 days—is the ultimate relief they seek through the First Amended Complaint. More specifically, Plaintiffs ask the court to "[o]rder Defendants to adjudicate Plaintiffs' pending [applications] by a certain date to be set by the Court" and to "[i]ssue a writ of mandamus directing Defendants to adjudicate Plaintiffs' [applications] by a certain date to be set by the Court." (Dkt. #4 at pp. 27–28). Thus, it is clear that the injunctive relief Plaintiffs seek is the same as the ultimate relief they seek from the First Amended Complaint and not a request to maintain the status quo until a hearing can occur. Accordingly, the court recommends Plaintiffs' Motion for TRO be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court recommends that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. #9) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of October, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE